**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAW CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 1969 |
| | ) | |
| v. | ) | Wayne R. Andersen |
| | ) | District Judge |
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the motion of defendant Nautilus Insurance Company ("Nautilus") to dismiss Count III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the defendant's motion is granted, and Count III is dismissed without prejudice.

**BACKGROUND**

Plaintiff Jaw Construction Company ("Jaw") filed a three count complaint against Nautilus on February 16, 2010. Jaw's complaint seeks declaratory relief and a determination of the rights and responsibilities of parties under a contract of insurance that Nautilus issued to Jaw as it pertains to a separately filed lawsuit against Jaw. The lawsuit against Jaw was brought by Sam and Shannon Murante ("the Murantes"). Jaw acted as a general contractor during the construction of a home on property owned by the Murantes. The Murantes alleged damages stemming from Jaw's improper installation of mortar joints which they claimed resulted in severe water damage to and mold on their property. Jaw looked to Nautilus to provide insurance coverage for the Murantes' lawsuit because Jaw and Nautilus had a contract of insurance for

general contractor's liability coverage for construction services. Nautilus denied said coverage, which resulted in the present complaint by Jaw against Nautilus.

The allegations in Jaw's complaint state three counts against Nautilus. First, Count I alleges that Nautilus breached its policy contract with Jaw by refusing to defend or pay indemnity for the underlying lawsuit against Jaw. Second, Count II seeks a declaratory judgment that Nautilus is obligated to provide insurance benefits to Jaw pursuant to the terms of its insurance contract. Third, Count III alleges that Nautilus breached its implied duty of good faith and fair dealing by "claiming technical excuses for breaching the insurance contract and refusing to perform when the surrounding circumstances and apparent understanding … were to the contrary" (Compl. ¶47) and "by refusing to defend or by repudiating its policies without just cause." (Compl. ¶49).

On March 30, 2010, Nautilus filed the instant motion to dismiss.

## STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a

cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

## **DISCUSSION**

Count III of Jaw's claim alleges breach of Nautilus' implied duty of good faith and fair dealing. However, Illinois does not recognize the implied covenant of good faith and fair dealing as valid grounds for an independent tort action. *Prescott v. Allstate Life Ins. Co.*, 341 F.Supp.2d 1023, 1026 (N.D.Ill. 2004), *citing Cramer v. Ins. Exchange Agency*, 675 N.E.2d 897, 904 (Ill. 1996). In *Cramer*, the Court noted that "to allow a bad-faith action would transform many breach of contract actions into independent tort actions . . . A bad faith action would encourage plaintiffs to sue in tort, and not breach of contract, to avoid suit limitation clauses and the cap on the statutory remedy." *Cramer*, 675 N.E.2d at 904. Thus, Jaw's claim for breach of the implied duty of good faith and fair dealing does not state a valid cause of action under Illinois law.

One exception to the above rule exists: Illinois recognizes the implied covenant of good faith and fair dealing as valid grounds for an independent tort action only in "cases involving an insurer's obligation to settle with a third party who has sued a policy holder." *Voyles v. Sandia*

*Mortgage Corp.*, 196 Ill. 2d 288, 751 N.E.2d 1126, 1131 (2001). The case at hand does not implicate this exception because none of the allegations address settlement or a duty to settle. Thus, Count III fails to state a claim upon which relief may be granted and is dismissed without prejudice.

In its response to the motion to dismiss, Jaw seems to suggest that if it could amend Count III of its complaint, it could state a claim upon which relief may be granted. Therefore, Jaw is granted leave to file an amended complaint.

## **CONCLUSION**

For the reasons set forth above, Nautilus' motion to dismiss Count III of Jaw's complaint is granted. Jaw is granted leave to file an amended complaint by July 16, 2010.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: June 30, 2010