IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAW CONSTRUCTION, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 1969 |
| NAUTILUS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

This Court has just received a number of cases (including this one) by random assignment from the calendar of its former colleague Honorable Wayne Andersen, and it has conducted a preliminary screening of the docket and of Judge Andersen's chambers files (and to the extent that the latter were incomplete, it has caused some of the missing material to be printed out). That process has regrettably disclosed some pleadings that call for correction, and those failings have occasioned the sua sponte issuance of this memorandum order ("Order").

In that respect, it is unclear whether counsel for certain of the parties have failed to read the directives in Fed. R. Civ. P. ("Rule") 8(b) or whether, despite having done so, they have chosen to go off on a frolic and detour of their own rather than complying with the requirements set out in that Rule. In any event, this Order sends counsel for Jaw Construction, Inc. (in its capacity as a counterdefendant to claims advanced by Nautilus

Insurance Company ("Nautilus")) and counsel for Sam and Shannon Murante ("Murantes," in their capacity as third-party defendants to Nautilus' Third-Party Complaint) back to the drawing board.

To begin with, both those sets of lawyers have not only failed to follow the clear roadmap prescribed by Rule 8(b)(5) for getting the benefit of a deemed denial but have additionally followed their defective disclaimers with the phrase "and therefore deny" (as to Jaw, see its Answer ¶¶4 through 6, 14 and 17, and as to Murantes, see their Answer ¶¶2, 8, 13 through 20 and 33).[1] That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation (as Rule 8(b)(5) requires) then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answers. But to return to the disclaimers themselves, counsel would also do well to read App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

In addition to that erroneous handling shared by both sets of lawyers, each has offended in other respects. This memorandum

---

[1] Both in this sentence of the text and hereafter, this Court has sought to be thorough in identifying the flawed paragraphs. But as with all proofreading, it is possible that this Order has inadvertently skipped over some of the defective responses, so it is hoped that counsel will catch any such omissions.

order will first address Jaw's responsive pleading filed June 3, 2010 and will then turn to Murantes' earlier responsive pleading filed May 24, 2010.

As for Jaw, it begins its response by filing an Answer to the Affirmative Defense that Nautilus had set out in responding to Jaw's Complaint in this action. That unbidden pleading violates Rule 7(a), and it is stricken.

Next, Jaw's counsel flouts the mandate of Rule 8(b)(1)(B) by arrogating to herself the determination whether Jaw is obligated to respond to certain Nautilus allegations (see Answer ¶¶1, 2, 8, 9, 25, 31 and 35). That is also true of Answer ¶¶28 and 30, which assert incorrectly that Jaw need not respond to legal conclusions (see App'x ¶2 to <u>State Farm</u>).

Finally, Answer ¶¶11 and 21 hedge the duty to respond to the corresponding allegations by Nautilus by denying that those allegations "accurately and <u>completely</u> reflect allegations of the First Amended Complaint" (emphasis added). That assertion appears clearly wrong as a purported response to allegations that Murantes' First Amended Complaint against Jaw <u>includes</u> the allegations at issue--and the likelihood that those hedged responses are not advanced in the objective good faith required by Rule 11(b) is fortified by Jaw's use of the same locution in connection with <u>direct quotations</u> from Nautilus' insurance policy (see Answer ¶¶22 through 24).

3

To turn now to Murantes' pleading, their pleading sins are fewer in number. Here they are:

1. Murantes' Answer ¶¶11, 12 and 21 through 24 improperly assert that no response to the corresponding Nautilus allegations is required because Murantes' "First Amended Complaint speaks for itself." In that respect, see App'x ¶3 to State Farm.

2. Next, Murantes' Answer ¶28 asserts incorrectly that no response is required because the corresponding paragraph of the Nautilus Third-Party Complaint "alleges a legal conclusion." What was said earlier as to Jaw on that score applies here with equal force.

In summary, both pleadings discussed here are stricken in their entirety, with leave granted to each offending counsel to file a self-contained--and proper--amended pleading on or before November 17, 2010. Finally, each such counsel is ordered to comply with App'x ¶8 to State Farm.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 2, 2010