IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

JAW CONSTRUCTION, INC.,                )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )    10 C 1969
                                       )
NAUTILUS INSURANCE COMPANY,            )
                                       )
          Defendant.                   )
_____)
NAUTILUS INSURANCE COMPANY,            )
                                       )
     Counter-Plaintiff/Third-Party     )
          Plaintiff,                   )
                                       )
     v.                                )
                                       )
JAW CONSTRUCTION, INC.,                )
                                       )
     Counter-Defendant and             )
                                       )
SAM MURANTE and SHANNON MURANTE,       )
                                       )
     Third-Party Defendants.           )

                           MEMORANDUM ORDER

     This Court's brief November 2, 2010 memorandum order

("Order"), issued sua sponte in connection with this action

recently inherited from the calendar of its former colleague

Honorable Wayne Andersen, addressed several pleadings that had

been filed by counsel for the parties to the action and that

needed correction.  Counsel for Jaw Construction, Inc. ("Jaw")

then filed an amended pleading on November 16, while counsel for

Sam and Shannon Murante (collectively "Murantes") had filed an

amended pleading on November 15, also before the designated

November 17 due date. That date had been chosen by this Court to mesh with the previously-scheduled status date set for this morning (November 22).

Inexplicably, however, each counsel failed to comply with this District Court's LR 5.2(f) and the corresponding provisions of this Court's website, both of which expressly require the delivery of a hard copy of every filing to this Court's chambers:

1. Jaw's counsel, despite that early November 16 filing, proceeded to mail a copy to this court by ordinary mail on November 19 -- three days later. Needless to say, that copy was not delivered to this Court's chambers before today's previously-scheduled status hearing.

2. As for Murantes' counsel, when this Court's minute clerk called him last week to call his attention to his non-compliance, counsel impermissibly took it upon himself to decide that it would be all right to deliver the paper copy of Murantes' revised responsive pleading in court at the time of this morning's status hearing.

Both of those courses of conduct were really thoughtless and inconsiderate, given this Court's already-mentioned setting of a November 17 due date for the revisions to enable it to review them before today's status hearing.

At today's status hearing Murantes' counsel did hand up their Amended Answer to the Third-Party Complaint, and later in

the day the mailed copy of Jaw's filing arrived in chambers. And those filings astonishingly disclosed that neither counsel had, as the Order had specifically directed, read and complied with Fed.R.Civ.P. 8(b)(5) and its elaboration set out in App'x ¶1 to the State Farm opinion referred to in the Order (see Murantes' Amended Answer ¶¶ 2, 5, 13-20 and 33 and Jaw's responses that employ the same unacceptable locution).

Accordingly both parties counsel are ordered to return to the drawing board once again, with a new amended pleading ordered to be filed by each on or before December 1, 2010. In addition, each party's counsel is ordered not only to comply with App'x ¶8 to the State Farm opinion (as already directed in the last paragraph of the Order) but also to send copies of both the Order and this memorandum oder to their respective clients along with the letter referred to in State Farm.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 22, 2010

---

[1] In light of both counsel's delinquencies in several respects, this Court would plainly be well within its rights if it were to impose greater sanctions -- say suitable fines. It has instead opted for the lesser mandate set out in the text.

3